UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES KIRBY,

      Plaintiff,

v.                                                      Case No. 8:23-cv-1188 AEP

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and did not employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A. Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI. (Tr. 373-82). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration. (Tr. 177-83, 186-97). Plaintiff then requested an

---

[1] Martin O'Malley is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Martin O'Malley should be substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

administrative hearing. (Tr. 198-99). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 76-103). Following the hearing, the ALJ issued a decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 154-66). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council granted and remanded the case to the ALJ. (Tr. 172-74). On remand, the ALJ held another hearing and issued a new decision in October 2022, finding Plaintiff not disabled, which was affirmed by the Appeals Council. (Tr. 1-6, 14-32, 40-75). Plaintiff then timely filed a complaint with this Court. (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1978, claimed disability beginning January 4, 2019. (Tr. 373, 421). Plaintiff's highest level of education is the completion of one year of college. (Tr. 422). Plaintiff's past relevant work experience included work as jewelry appraiser, jewelry salesperson, and travel advisor. (Tr. 422). Plaintiff alleged disability due to lumbar fusion, thoracic spine collapse, and back pain. (Tr. 421).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2024, and had not engaged in substantial gainful activity since January 4, 2019, the alleged onset date. (Tr. 19). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the thoracic spine and lumbar spine status post fusion, kyphosis, and

obesity. (Tr. 20). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can "occasionally climb ladders, ropes, scaffolds, ramps, and stairs. He can occasionally balance, stoop, kneel, and crawl. He can have frequent exposure to extreme cold, dust, chemicals, and fumes." (Tr. 23). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence. (Tr. 24).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform past relevant work as a jewelry appraiser, travel advisor, and jewelry salesperson as these positions did not require performance of the work-related activities that were precluded by Plaintiff's RFC analysis. (Tr. 30). Additionally, given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a merchandise maker, mail sorter, and routing clerk. (Tr.

31-32). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 32).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his

or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

**III.**

Plaintiff argues that the ALJ's decision was not supported by substantial evidence because: 1) it ignored evidence of Plaintiff's decreased mental abilities when assessing Plaintiff's residual functional capacity and 2) it failed to address Plaintiff's use of a cane for balance and ambulation. (Doc. 1, p. 5-6). The Court finds Plaintiff's argument regarding use of a cane dipositive of this appeal, and reversal of the Commissioner's final decision is warranted on this basis. For the sake of completeness, however, each issue raised by Plaintiff will be addressed in turn.

**A. Plaintiff's Mental Limitations**

Plaintiff maintains that the ALJ failed to properly assess Plaintiff's mental abilities in determining his Residual Functional Capacity. (Doc. 21, p. 5). To that effect, Plaintiff argues that while the ALJ assessed Plaintiff's chronic pain in determining Plaintiff's physical limitations, the ALJ failed to properly consider how this pain limits Plaintiff's mental functioning, including his ability to maintain focus and concentration, deal with stress, and interact with others. (Doc. 21, p. 5). In support thereof, Plaintiff cites to a note from Dr. Calkin finding Plaintiff to be limited in his ability to deal with work stress, Plaintiff's prior mental evaluations where pain was indicated to be a factor affecting Plaintiff's mental functioning, and Plaintiff's medical records generally. (Doc. 21, p. 5). Furthermore, Plaintiff argues that as the intensity of his chronic pain is variable, "[t]he fact that he was not observed to have concentration difficulties at the time of [his evaluation with Dr. Calkin] . . . does not mean he does not have severe difficulties concentrating when his pain level increases." (Doc. 21, p. 5). Plaintiff also notes that his condition is

degenerative, and the opinions evaluated in this case were from 2020 and 2022. (Doc. 21, p. 6)

Despite Plaintiff's contentions, the ALJ properly evaluated all evidence of Plaintiff's mental health limitations in this matter and supported her findings with substantial evidence. As a preliminary matter, at step two of her evaluation, the ALJ found Plaintiff's mental impairments to be non-severe, noting that Plaintiff's "mental status examination findings in his medical records consistently show normal findings with the claimant being alert, oriented, and in no acute distress with appropriate m[o]od and affect. He does not show any problems interacting with others or providing his medical history." (Tr. 20). The ALJ also noted that Plaintiff's medical records indicated he had good adaptability and no issues with his temper or anger. (Tr. 20).

Under the regulations, a non-severe impairment is one which has no more than a minimal effect on a claimant's ability to do basic work activities. *See* 20 C.F.R. 404.1520a(d)(1), 416.920a(d)(1). The Eleventh Circuit has specifically held that a non-severe impairment "has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). "Consequently, in many, if not most cases, there will be no functional limitations from a non[-]severe impairment." *Sprague v. Colvin*, No. 8:13-CV-576-T-TGW, 2014 WL 2579629, at *6 (M.D. Fla. June 9, 2014). Nevertheless, the ALJ

still took into account Plaintiff's non-severe mental limitations when determining his RFC.

In assessing Plaintiff's RFC, the ALJ noted that in visits with his primary care provider in 2019 and 2020 Plaintiff appeared alert and oriented and reported having satisfactory focus and concentration. (Tr. 25). The ALJ emphasized that in June 2020, Plaintiff underwent an evaluation with Sally A. Strader, Ph.D., who reported that Plaintiff demonstrated adequate attention and concentration and no issues with mental computation. (Tr. 26). Similarly, the ALJ highlighted that in September 2022, Plaintiff underwent a psychological evaluation with Felix J. Subervi who observed Plaintiff to be alert and oriented and found Plaintiff to demonstrate appropriate judgment and fair insight. (Tr. 27). Based on her review of the file, the ALJ concluded that Plaintiff's subjective allegations of mental health disability were not consistent with the evidence contained within his medical records. While Plaintiff cites to the opinion of Dr. Calkin in support of his position, the ALJ properly evaluated this opinion and found it to be non-persuasive as the overall records for Plaintiff did not support a finding of significant neurological deficits, and Dr. Calkin was not a regular treating physician for Plaintiff. (Tr. 29). The ALJ similarly noted that the vocational opinions of Dr. Stader and Dr. Subervi were not persuasive because they were not supported by Plaintiff's medical records or even the findings of their own examinations which showed that Plaintiff was alert, communicative, and had no neurological deficits. (Tr. 29). Thus, the ALJ concluded that when taking into consideration Plaintiff's testimony and all medical

evidence of record, the record did not support a finding that Plaintiff's symptoms produced total incapacitation. Moreover, though Plaintiff alludes that the medical opinions provided in this case are outdated, the ALJ properly evaluated relevant evidence. Plaintiff alleged disability beginning January 4, 2019, and the ALJ issued her decision on October 31, 2022. Thus, Plaintiff's medical records and agency opinions produced in the interim were relevant to the ALJ's analysis. Though Plaintiff may disagree with the ALJ's determination, the Court finds that it is supported by substantial evidence and will not substitute its own judgment for that of the Commissioner. *See Vaughn v. Heckler*, 727 F.2d 1040 (11th Cir. 1984). Accordingly, Plaintiff's first assignment of error is unpersuasive.

### B. Plaintiff's Cane Use

Plaintiff also argues that the ALJ's decision was in error for failure to address Plaintiff's need for a cane for balance and ambulation. In support thereof, Plaintiff cites to his hearing testimony where he described using a cane full time due to unsteadiness in his legs as well as medical documentation from Dr. Calkin finding that Plaintiff "ambulates painfully and with assistive device." (Doc. 21, p. 6) (citing Tr. 53, 547, 1035). In response, Defendant maintains that Plaintiff has failed to demonstrate a medical need for a cane as pursuant to SSR 96-9p and thus the ALJ was not required to address the issue. Under SSR96-9p, "[t]o find that a handheld assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9p, 61 Fed. Reg.

34478-01 (July 2, 1996). Where this showing has not been made, an ALJ is not required to evaluate the use of a cane in determining a claimant's RFC. *Kendrick v. Comm'r of Soc. Sec.*, No. 5:17-cv-244-Oc-18PRL, 2018 WL 4126528, at *3 (M.D. Fla. July 9, 2018).

Here, though Plaintiff's brief does not specifically reference that Plaintiff was prescribed a cane, the record indicates that this was the finding of Dr. Calkin. In completing a Residual Functional Capacity Questionnaire, Dr. Calkin indicated that Plaintiff required an assistive device while engaging in occasional standing or walking. (Tr. 859). Though Defendant may point to other evidence in the record which challenges this finding, "when the record reflects a purported need for a hand-held assistive device, but the ALJ fails to affirmatively reject the need for such a device, the Court cannot be certain whether the ALJ intended to recognize it." *Page v. Comm'r of Soc. Sec.*, No. 6:21-CV-258-LHP, 2022 WL 1619168 (M.D. Fla. May 23, 2022); *see also Drawdy v. Astrue*, No. 3:08-cv-209-J-HTS, 2008 WL 4937002, at *4 (M.D. Fla. Nov. 17, 2008) ("Because the ALJ did not affirmatively reject the need for a cane, the Court cannot be sure whether he intended to recognize it."); *Carter v. Astrue*, No. 3:10-cv-22-J-TEM, 2011 WL 4502024, at *10 (M.D. Fla. Sept. 28, 2011) (remanding with instructions for the ALJ to explicitly consider whether the plaintiff required the assistance of a cane where the ALJ failed to affirmatively reject the plaintiff's alleged need for a cane). *But see Wright*, 2014 WL 5591058, at *3 (finding that by "affirmatively rejecting the need for the cane and giving the reasons based on substantial evidence, the ALJ performed the analysis required

11

[under] SSR 96-9p"). Accordingly, given that the record reflects both a note for and Plaintiff's use of a cane which the ALJ did not address in reaching her RFC determination, the Court is unable to determine whether the ALJ's decision is supported by substantial evidence. (Tr. 53, 547, 1035, 1042, 1052, 1059-1087). S*ee, e.g., Williams v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-764-J-MCR, 2019 WL 2511592, at *4 (M.D. Fla. June 18, 2019) (remanding social security appeal involving RFC to perform light work where the ALJ acknowledged the claimant's use of a cane, but failed to specifically discuss whether the cane was medically necessary despite multiple references in the record to the claimant's gait and use of a cane, including the claimant's testimony at hearing that she used a cane for balance); *Ortiz v. Saul*, No. 8:19-cv-199-T-CPT, 2020 WL 1527856, at *4 (M.D. Fla. Mar. 31, 2020) (reversing and remanding social security appeal in case involving an RFC limited to light work where the record contained evidence that the claimant used a cane and the ALJ acknowledged such evidence but failed to "expressly address[ ] and resolv[e] the matter of the [claimant's] purported need for a cane."); *Wood v. Comm'r of Soc. Sec.*, No. 6:20-cv-963-LRH, 2021 WL 2634325, at *7 (M.D. Fla. June 25, 2021) ("[T]he ALJ never affirmatively rejects (or adopts) Claimant's need to use a cane for ambulation. Without such a determination, it is not possible for this Court to determine whether the decision is supported by substantial evidence."). Though Plaintiff's use of a cane may not impact his ability to perform the range of work found by the ALJ in her RFC evaluation, this Court is not in a position to make that determination. For this reason, the Court must reverse.

12

**IV.**

Accordingly, after consideration, it is hereby

>ORDERED:
>
>1. The decision of the Commissioner is REVERSED, and the matter is REMANDED to the Commissioner for further administrative proceedings.
>
>2. The Commissioner is directed to address how Plaintiff's need for a cane to ambulate affects his RFC and ability to perform other jobs in the national economy, which may require additional testimony from a vocational expert.
>
>2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.
>
>DONE AND ORDERED in Tampa, Florida, on this 24th day of July 2024.
>
>_____
>ANTHONY E. PORCELLI
>United States Magistrate Judge

cc:  Counsel of Record